NOT DESIGNATED FOR PUBLICATION

Nos. 123,257
123,258

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARREL G. DEERE,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court, KEVIN J. O'CONNOR, judge. Opinion filed August 27, 2021. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., GARDNER and CLINE, JJ.


PER CURIAM: Darrel G. Deere appeals the district court's imposition of his original 49-month prison sentence after he admitted to probation violations and committed new crimes. Deere contends that the district court abused its discretion by imposing his original prison sentence and denying his motion for a sentence modification. Because the district court complied with the law and did not act unreasonably, we affirm.

1

*Factual and Procedural Background*

Deere entered into a global plea agreement that resolved two cases. He pleaded guilty in case No. 17CR2695 to fleeing or attempting to elude an officer and felony theft, and he pleaded guilty in case No. 18CR215 to possession of methamphetamine. As part of the plea agreement, the State dismissed all remaining charges and dismissed a third case against Deere. The district court sentenced him to 49 months in prison and then granted Deere's motion for a dispositional departure, suspended the sentence, and imposed 12 months of probation.

Deere's compliance with the terms of his probation was short-lived. One month after sentencing, Deere served a two-day jail sanction because he had violated his probation by failing to complete a drug and alcohol assessment. One month later, the district court issued a warrant for Deere that alleged he had violated his probation by

- testing positive for methamphetamine,
- failing to attend office visits, and
- failing to attend outpatient treatment.

The district court issued a second warrant after the State charged Deere with new crimes in a separate case (19CR28).

At a later hearing on the State's motion to revoke Deere's probation, Deere admitted he had committed the violations alleged in the first warrant and pleaded no contest to the new crimes alleged in the second warrant. The district court found Deere had violated the terms of his probation but continued disposition pending the outcome of 19CR28.

A jury later convicted Deere in 19CR28 of traffic offenses and

- two counts of aggravated assault on a law enforcement officer,
- one count of interference with a law enforcement officer,
- one count of fleeing or attempting to elude a law enforcement officer, and
- one count of criminal damage to property.

The district court then reconvened the probation revocation hearing. Deere requested drug treatment through residential community corrections or a reduced prison sentence, but the district court found no reason to modify the original prison sentence. The district court found that Deere had violated the terms of his probation in multiple ways including by committing new crimes while on probation, so it revoked Deere's probation and imposed his original 49-month prison sentence.

Deere timely appeals.

*Analysis*

Deere concedes that the district court had the authority to revoke his probation and impose his original sentence. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). He argues only that the district court abused its discretion by unreasonably imposing his original prison sentence instead of a modified sentence.

That statute provides that the district court *may* order the defendant to serve the original sentence or any lesser sentence when it revokes the defendant's probation because the defendant has committed a new crime while on probation.

"The use of the permissive term 'may' in the statute signals that the district court has discretion to either grant or deny a defendant's request for a lesser sentence upon the revocation of probation. Thus, . . . an appellate court reviews such a decision made by the district court for an abuse of discretion." *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party alleging that the district court abused its discretion carries the burden of showing the abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). Deere invokes only the first of these, contending that the district court unreasonably imposed the original sentence without modification.

Deere argues that the district court could have imposed intermediate sanctions and could have reduced his 49-month prison sentence. And Deere argues that the district court should have done so because of his substance abuse issues, treatment needs, and incarceration costs. The district court acknowledged Deere's struggles with substance abuse, yet it found that Deere had failed to attend drug treatment as directed and had failed to complete any community service work as directed. Deere had numerous other failures on probation, and the prior sanction imposed by the district court did nothing to modify his behavior. Deere has failed to show that the district court's imposition of the original sentence was a decision with which no reasonable person would agree, so we find no abuse of discretion.

Affirmed.

4